**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**DYNAMIC ADVANCES, LLC**

        v.                                        **1:12-cv-1579**
                                                      **(GLS/CFH)**

**APPLE, INC.,**

        **Defendant.**

| APPEARANCES: | OF COUNSEL: |
|---|---|

**FOR THE PLAINTIFF:**

| Harris, Beach Law Firm | JAMES R. MULDOON, ESQ. |
|---|---|
| 333 West Washington Street | |
| Suite 200 | |
| Syracuse, New York 13202 | |

**No appearances for the defendant**

**Gary L. Sharpe**
**Chief Judge**

## Decision and Order

The court has an interest in Apple, Inc., therefore the Court finds it necessary to consider sua sponte whether recusal under 28 U.S.C. section 455 is proper. The court finds the circumstance found in Section 455(d)(4) is applicable, the objective "appearance of impropriety" standard embodied in Section 455(a) requires the court's recusal.

> Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned" is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard, as does participation by the judge in the proceeding if [s]he thereby creates the appearance of a lack of impartiality.

United States v. Pepper & Potter, Inc., 677 F. Supp. 123, 125-26 (E.D.N.Y. 1988) (quoting E.W. Thode, Reporter's Notes to Code of Judicial Conduct 60-61 (1973)). The objective standard of Section 455(a) "is designed to promote public confidence in the impartiality of the judicial process." Pepper & Potter, Inc., 677 F. Supp. at 126 (quoting H. R. Rep. No. 93-1453, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6351, 6355). Because the appearance of impartiality and actual impartiality are of virutally equal importance, the court finds recusal appropriate.

Accordingly, and for the reasons stated, it is hereby

**ORDERED** that pursuant to 28 U.S.C. § 455(a) and 455(d)(4) the undersigned hereby recuses himself from the above-captioned matter. The Clerk of the Court is directed to randomly reassign this case to another District Court Judge, and it is further

2

**ORDERED** that the case has been reassigned to District Judge David N. Hurd.

**SO ORDERED.**

Date:  October 23, 2012
       Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court